# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | )<br>)   Case No. 08-48275 (ESS)<br>)   Chapter 7 |
| HILAL K. HOMAIDAN | ) |
|     Debtor | )<br>)<br>)<br>)<br>) |

## **DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE**

Debtor Hilal K. Homaidan, by his counsel Austin C. Smith, here moves this Court for an order reopening the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 350 (b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure. The grounds for this motion are set forth in Debtor's Affirmation in Support of Debtor's Motion to Reopen Chapter 7 Case, filed herewith.

This Motion shall be heard on May 4, 2017, at 10:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge for the Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, NY, 11201, for an Order reopening Debtor's Chapter 7 Case.

Any opposition papers to this Motion are due to be filed via ECF and served no later than May 3, 2017.

Respectfully submitted,

April 14, 2017

 /s/Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| | ) |
| In re: | )    Case No. 08-48275 (ESS) |
| | )    Chapter 7 |
| HILAL K. HOMAIDAN | ) |
| | ) |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## DEBTOR'S NOTICE OF MOTION TO REOPEN CHAPTER 7 CASE

PLEASE TAKE NOTICE that upon the annexed affirmation, Hilal K. Homaidan ("Debtor" or "Homaidan") by and through undersigned counsel, will move this Court for an Order:

a) Reopening the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 350 (b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure, for the purpose of seeking:

    i. Declaratory relief that the Sallie Mae Tuition Answer loans (the "Debts") identified on Debtor's Schedule F were discharged by operation of law on April 9, 2009 because they were not educational debts excepted from discharge by section 523(a)(8);

    ii. An award of actual damages and sanctions for violations of the discharge injunction;

    iii. An award of a reasonable attorneys' fees; and

3

iv.    Other just relief that this Court deems proper.

Respectfully submitted,

April 14, 2017

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| | ) |
| In re: | )    Case No. 08-48275 (ESS) |
| | )    Chapter 7 |
| HILAL K. HOMAIDAN | ) |
| | ) |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

### AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE

I, Austin C. Smith, an attorney at law admitted to practice before this Court, being mindful of the penalties of perjury, duly swears as follows:

1. I am attorney with the Smith Law Group.

2. I am attorney for Hilal K. Homaidan ("Debtor"), and as such am familiar with the facts and circumstances of this matter.

3. I submit this affirmation in support of the instant motion to reopen Debtor's case pursuant to section 350 of the Bankruptcy Code in order to obtain a determination of dischargeability and to accord further relief to Debtor.

4. Debtor seeks declaratory relief that his Sallie Mae Tuition Answer Loans (the "Debts") were discharged by operation of law on April 9, 2009, a finding that Navient willfully violated this Court's discharge injunction under section 524 of the Bankruptcy Code, and disgorgement of all money repaid on the discharged debts.

5. This court has jurisdiction over violations of the discharge injunctions as core matters arising under the Bankruptcy Code pursuant to 28 U.S.C. 157 and 28 U.S.C. 1409.

6. Venue is proper in the Eastern District of New York under 28 U.S.C. 1409(a).

7. On December 4, 2008 Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

8. Debtor listed on Schedule F of the petition two certain "tuition answer" loans owed to Sallie Mae in the amounts of 7,983.19 and 8,190.11

9. On or about April 9, 2009, this Court issued a discharge order in Debtor's bankruptcy proceeding.

10. On or about April 11, 2009, Sallie Mae (Navient's predecessor-in-interest) received notice of discharge.

11. Debtor did not enter into an agreement under section 524(c) of the Bankruptcy Code.

12. The Debts were not non-dischargeable student loans or conditional educational grants under section 523(a)(8).  Specifically, the loans were "direct-to-consumer" loans that were not made for "qualified education expenses."[1]

13. Neither Sallie Mae nor Navient filed an adversary proceeding contesting dischargeability under section 523(a)(8).

14. The Debts were therefore discharged by operation of law pursuant to section 727(b) of the Bankruptcy Code.[2]

---

[1] *In re Campbell,* 547 B.R. 49, 55 (Bankr. E.D.N.Y. 2016).

15. Notwithstanding, Navient and its agents misrepresented the Debts to Homaidan as non-dischargeable debts and initiated monthly collection efforts on the discharged debt, and succeeded in collecting the full balances by July 30, 2011.

16. Debtor now seeks to reopen this bankruptcy case in order to obtain relief.

17. Federal Rule of Bankruptcy Procedure 5010 provides "[a] case may be reopened on the motion of the debtor . . . pursuant to section 350 of the Code."

18. Section 350 of the Bankruptcy Code permits the bankruptcy court to reopen a case "to administer assets, accord relief to the debtor, or for other cause."

19. Rule 4007 of the Federal Rules of Bankruptcy states that a "case may be reopened" at any time "for the purpose of filing a complaint to obtain a determination" of discharge.

20. Bankruptcy courts are now agreeing to rehear student loan dischargeability complaints in light of groundbreaking case law originally made in this Court concerning the proper

---

[2] *In re Haroon,* 313 B.R. 686, 689 (Bankr. E.D. Va. 2004) ("The failure to seek a dischargeability determination does not alter the fact that the debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time . . . The parties' rights were fixed at that time and, if the debt was discharged, the creditor was barred from collecting it. The fact that they may not have agreed as to what that status was is immaterial. The status, although perhaps unknown to the parties or disputed by them, was fixed by the discharge order. Neither was obligated to commence a dischargeability action to resolve that issue and the failure to do so did not alter the status of the debt. There are ramifications from not seeking a dischargeability determination, that is, whether the debt falls within an exception of § 523. One ramification is that a creditor who attempts to collect the debt proceeds at his own peril and accepts the consequences of his own actions. If a creditor wants to avoid the adverse consequences of an erroneous analysis, he can come to this court at any time, even after the case has been closed, and seek an adjudication of the dischargeability issue. 4 Collier on Bankruptcy, ¶ 523.04 (15th ed. revised 2004). If he fails to do that and seeks to collect the debt, the debtor may use a show cause order to have this determination made. ***If the creditor is wrong and the debt was discharged, he has violated § 524.***") (emphasis added).

scope of section 523(a)(8) that has been adopted by bankruptcy courts across the country.[3]

21. Seeking relief for violation of the discharge order is also an appropriate reason for reopening a case.[4]

22. The decision to reopen is within the sound discretion of the Court.

**WHEREFORE,** Debtor respectfully requests the entry of an Order reopening this Chapter 7 case.

Respectfully submitted,

April 14, 2017

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

---

[3] *See, e.g., In re Dufrane,* 2017 WL 1148172, at *8 (Bkrtcy.C.D.Cal. 2017) ("The court finds the reasoning in *Campbell* persuasive and consistent with the canons of statutory construction, the Code's policy to strictly construe exceptions to discharge under § 523, and judicial interpretations of the phrase "obligation to repay funds received as an educational benefit" since 1990."); *In re Meyer,* 2016 WL 3251622, at *2 (Bkrtcy. N.D. Ohio 2016) ("The Court finds Judge Grossman's decision in *Decena* and the debtor's arguments to be persuasive.")

[4] *See, e.g., In re Szenes, 515* B.R. 1, 3 (Bankr. E.D.N.Y. 2014) ("The debtors, Mr. and Mrs. Szenes, previously filed, on notice to U.S. Bank, a motion to reopen their chapter 7 case under section 350 of the Bankruptcy Code . . . the limited purpose of permitting the debtors to present their claim that U.S. Bank violated the discharge injunction by seeking to collect its debt as a personal liability from them after the debt has been discharged and the bankruptcy case closed. A hearing on the Motion to Reopen was held before the Court on June 5, 2014 and the Motion to Reopen was granted.").

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-48275 (ESS) |
| | ) | Chapter 7 |
| HILAL K. HOMAIDAN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**(Proposed)**
**ORDER REOPENING CHAPTER 7 CASE**

The matter having come before the Court upon Debtor's filing of a Motion to Reopen

Chapter 7 Case; and this Honorable Court otherwise being fully advised in the premises:

**IT IS FURTHER ORDERED** that the above-captioned Chapter 7 Bankruptcy case is

reopened to allow Debtor to seek declaratory relief, actual damages, and sanctions for violations

of the discharge injunction.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-48275 (ESS) |
| HILAL K. HOMAIDAN | ) Chapter 7 |
| | ) |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**APPLICATION TO WAIVE THE FEE TO REOPEN BANKRUPTCY**
**CASE**

Hilal K. Homaidan, by and through his counsel Austin C. Smith, hereby submits this application in support of his request to waive the reopening fee pursuant to Federal Rule of Bankruptcy Procedure 4007(b), which states that a "case may be reopened without payment of an additional filing fee for the purposes of filing a complaint to obtain determination [of dischargeability of a student loan] under this rule."  Debtor seeks to reopen this bankruptcy case in order to obtain a determination of dischargeability of his private student loan debt and damages for violation of the discharge order.

April 14, 2017

Respectfully submitted,

/s/ Austin Smith
**SMITH LAW GROUP**
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:                                     ) | Case No. 08-48275 (ESS) |
|                                            ) | Chapter 7 |
| HILAL K. HOMAIDAN              ) | |
|                                            ) | |
|           Debtor                        ) | |
|                                            ) | |
|                                            ) | |
|                                            ) | |
|                                            ) | |

## NOTICE OF MOTION AND OPPORTUNITY FOR HEARING

Debtor has filed papers with the court to seek relief from the automatic stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may want to consult one.**

If you do not want the Court to grant the relief requested, or if you want the Court to consider your views on the Motion, within **fourteen (14) days**, you or your attorney must:

1. File with the court a written response or an answer[1], explaining you position at:

   **U.S. Bankruptcy Court for the Eastern District of New York**
   **271-C Cadman Plaza**
   **Brooklyn, NY 11201**


   If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

---
[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Respectfully submitted,

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| HILAL K. HOMAIDAN | ) |
| | ) |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Case No. 08-48275 (JF)
Chapter 7

## <u>CERTIFICATE OF SERVICE</u>

I, Austin C. Smith, hereby certify that on the 14th day of April, 2017, I served the foregoing Motion to Reopen Chapter 7 Case, Proposed Order, Notice of Motion and this Certificate of Service using the ECF Filing System and by depositing said copies in the U.S. mail, postage prepaid, properly addressed as follows:

**Navient Solutions, LLC.**
**P.O. Box 9000**
**Wilkes-Barre, PA 18773-9000**

Respectfully submitted,

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com